## MILAM COUNTY V. C. M. BLAKE.

(Case No. 787.)

1. VESTED RIGHT.— See opinion for facts under which a county acquired a vested right, before the issuance of patent, in school lands surveyed for it, which could not be affected by the unauthorized act of one acting as agent of the county, who floated the certificate to other lands, or by the issuance of patents to other parties under the special act of July 21, 1870.

APPEAL from Hood. Tried below before the Hon. J. R. Fleming.

A full report of the preceding case obviates the necessity of an extensive notice of this. The opinion states all essential facts embodied in a record of over two hundred pages. By an order of the Milam county court, entered September 28, 1871, J. D. McCamant was appointed agent of the county, "to collect and receive rents which are or may be due on any and all school lands, etc., situated in the county of Hood," and "to institute any legal proceeding that may be necessary for the collection of said rents, and to procure patents on all school lands belonging to Milam county which are not yet patented." No authority existed for him to float locations.

As in the preceding case, briefs and able arguments were filed by counsel on both sides.

*Smith & Jarvis* and *J. C. Terrell*, for appellant.

*A. G. Hood* and *McCall & McCall* and *Watts & Lanham*, for appellees.

BONNER, ASSOCIATE JUSTICE.— This also is a suit instituted by Milam county against sundry parties, and involves her title to a league of land claimed as school land, and adjoining that in controversy in Milam County *v.* Bateman, *infra.*

Judgment was rendered against the county, from which this appeal is prosecuted.

In this case the original survey was made for Milam county December 22, 1849, and it appears from bill of exceptions that the field notes were recorded in Milam land district, to which the survey then belonged, January 26, 1850.

The land was re-surveyed and corrected field notes made out November 15, 1860, correcting a misdescription of 106 varas in the call for beginning corner, and some calls for meanders on the river.

The original field notes were filed for record in the county clerk's office of Milam county May 20, 1858, and in the general land office June 16, 1858; corrected field notes were filed in said county clerk's office July 28, 1861, and in the general land office December 19, 1860.

It was further in evidence that the two surveys were on the map of Johnson county, in which the land was once situated, at an early day; and the testimony in this case shows that the field notes of the league in controversy in Milam County *v.* Bateman were recorded in Milam land district.

Certain of the defendants in this suit also claim under

pre-emption surveys and patents issued under the special act of July 21, 1870, as in the case of Milam County v. Bateman *et al.*, and the intervenors Beaumont and Randall derive title, as in that case, under quit-claim deed from John D. McCamant.

On September 23, 1872, the date of the cancellation of the patent to the other league, McCamant, acting under the same authority, floated the certificate in favor of Milam county off the land as embraced in the original and corrected field notes, so as not to include the lands claimed by those defendants who set up patents under the act of July 21, 1870, and also not to include the land which he had located for himself by virtue of the J. H. Davis bounty warrant and the railroad certificate.

The opinion in Milam County v. Bateman virtually disposes of this case, and is intended to apply where substantially the same.

We are of opinion that there was no sufficient authority shown in McCamant to float the certificate of Milam county to her prejudice, and that the same results would follow in this case as would from like want of authority to cancel the patent in that of Milam County v. Bateman *et al.*

REVERSED AND REMANDED.

[Opinion delivered December 21, 1880.]